UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MONJE,<br><br>                          Petitioner,<br><br>     v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; ERIC HOLDER, ATTORNEY GENERAL; ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; EL CENTE DETENTION CENTER OFFICER IN CHARGE,<br><br>                          Respondents. | Civil No.    12cv242-AJB(JMA)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

    Petitioner Fernando Monje, a detainee in the custody of the Department of Homeland Security ("DHS")[1], Bureau of Immigration and Customs Enforcement, proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to be released from custody. Respondent filed a return to the petition on April 6, 2012. (Dkt. No. 6.) Petitioner did not file a reply. After a thorough review of the papers and applicable law, the Court DENIES the petition for writ of habeas corpus as MOOT.

### Discussion

    Petitioner is a native and citizen of Bolivia. (Dkt. No. 6, Resp't Exs. at 1.) On April 7, 1997,

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved and its functions were transferred to the Department of Homeland Security. See Casas-Castrillon v. Dept. of Homeland Security, 535 F.3d 942, 945 n. 1 (9th Cir. 2008).

1 Petitioner became a lawful permanent resident of the United States. (Id.) On August 3, 2001 he was
2 convicted of credit card theft, credit card forgery, and credit card fraud. (Id. at 2-13.) On November
3 9, 2011, DHS placed Monje in removal proceedings on the basis of the 2001 convictions. (Id. at 17-
4 19.) Because he is an aggravated felon, Petitioner was subject to mandatory detention pending the
5 administrative phase of his removal proceedings. (Id. at 21-24.)

6       On February 25, 2011, the immigration judge ("IJ") ordered Monje removed from the United
7 States to Bolivia. (Id. at 34.) On March 21, 2011, Petitioner appealed to the Board of Immigration
8 Appeals ("BIA") which remanded the case to the IJ for further proceedings. (Id. at 37-44.) On
9 August 31, 2011, in remanded proceedings, the IJ again ordered Petitioner removed from the United
10 States to Bolivia. (Id. at 46-58.) On December 22, 2011, the BIA denied Petitioner's appeal. (Id. at
11 60-62.) On January 3, 2012, Petitioner petitioned for review with the Ninth Circuit and was granted
12 a temporary stay of removal. (Id. at 65.)

13       On January 30, 2012, Petitioner filed the instant habeas petition. (Dkt. No.1.) On March 6,
14 2012, DHS moved the Immigration Court to schedule a custody hearing for Petitioner. (Dkt. No. 6,
15 Resp't Exs. at 66-67.) On April 2, 2012, the IJ convened the requested custody hearing and set bond
16 at $7,500. (Id. at 68.) On April 3, 2012, Petitioner posted bond, and DHS released him from
17 custody. (Id. at 69.)

18      In its brief, Respondent argues that Petitioner has received the relief he sought by being
19 released on bond and the case is now moot. Petitioner has not filed an opposition. Petitioner
20 received a bond hearing, was granted bond, posted bond and released from custody. Accordingly,
21 the Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as MOOT.
22      IT IS SO ORDERED.

24 DATED: July 3, 2012

25                                       _____
                                      Hon. Anthony J. Battaglia
26                                       U.S. District Judge